UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**LEONARD KING ET AL**              CASE NO. 2:22-CV-01501

**VERSUS**                          JUDGE JAMES D. CAIN, JR.

**SAFEPORT INSURANCE CO**           MAGISTRATE JUDGE LEBLANC

### MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 27] filed by defendant Safeport Insurance Company ("Safeport"), seeking dismissal of plaintiffs' claims arising from Hurricane Delta. Plaintiffs have filed a notice of no opposition. Doc. 34.

### I.
#### BACKGROUND

This suit arises from alleged damage to plaintiffs' residence in Westlake, Louisiana, during Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and Hurricane Delta, which impacted the same area on October 9, 2020. At all relevant times the home was insured under a policy issued by Safeport. Plaintiffs allege that Safeport failed to timely or adequately compensate them for their covered losses. They filed suit in this court, raising claims of breach of insurance contract and bad faith under Louisiana law. Doc. 1. The matter is set for a bench trial before the undersigned on June 24, 2024. Doc. 12.

Safeport now moves for partial summary judgment on plaintiffs' claims arising from Hurricane Delta. Specifically, it asserts that plaintiffs did not provide notice of loss for

Hurricane Delta until the filing of this complaint and that Safeport was thus unable to distinguish between Laura and Delta damages. Doc. 27. Plaintiffs have responded, indicating that they do not oppose the motion as they made no repairs between the two hurricanes for which they could receive separate coverage.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). "When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the courts must enforce the contract as written." *Sims v. Mulhearn Funeral Home, Inc.*, 956 So.2d 583, 589 (La. 2007) (citing La. Civ. Code art. 2046).

Putting aside any issues as to notice, which plaintiffs dispute, the court agrees that there is no point in pursuit of a Delta claim if any additional damages from that storm will be covered under the Laura claim. Here the policy was in effect during both storms. Doc. 27, att. 5. Plaintiffs admit that they did not make any additional repairs between the two storms, which might cause a second policy limit to apply. Accordingly, the Hurricane Delta

claim should be dismissed with the understanding that Safeport may not deny coverage for any storm damage by ascribing it to Hurricane Delta.

## IV.
### Conclusion

For the reasons stated above, the Motion for Summary Judgment [doc. 27] will be **GRANTED** and all claims in this matter arising from Hurricane Delta will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 13th day of May, 2024.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE