UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LEONARD KING ET AL** | **CASE NO. 2:22-CV-01501** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SAFEPORT INSURANCE CO** | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 28] filed by defendant Safeport Insurance Company ("Safeport"). Plaintiffs oppose the motion. Doc. 31.

## I.
### BACKGROUND

This suit arises from alleged damage to plaintiffs' residence in Westlake, Louisiana, during Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and Hurricane Delta, which impacted the same area on October 9, 2020. At all relevant times the home was insured under a policy issued by Safeport. Plaintiffs allege that Safeport failed to timely or adequately compensate them for their covered losses. They filed suit in this court, raising claims of breach of insurance contract and bad faith under Louisiana law. Doc. 1. The matter is set for a bench trial before the undersigned on June 24, 2024. Doc. 12.

Safeport has filed a motion in limine, seeking the exclusion of "reports and estimates of repairs related to items that have already been repaired[.]" Doc. 28. Plaintiffs oppose the motion, agreeing that such estimates are inadmissible to show the costs of completed

repairs but arguing that (1) Safeport fails to identify which repairs are complete and (2) Safeport wrongly attempts to shift burden to plaintiffs to establish which repairs are outstanding. Doc. 31.

## II.
## LAW & APPLICATION

### A. Governing Law

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge

. . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

    B. Application

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Under Louisiana law, a plaintiff must provide the best evidence in support of his claim. *Volkswagen of Am., Inc. v. Robertson*, 713 F.2d 1151, 1169 (5th Cir. 1983). "Damages may be predicated on estimation only when the loss has not been repaired. If the damaged property has been restored to its former condition by repair, the proper basis for assessing the damage is the repair bill." *Id.* (quoting *Lambert v. Allstate Ins. Co.*, 195 So.2d 698, 700 (La. Ct. App. 1st Cir. 1967)).

Safeport argues that "nearly all the damages" have been repaired, relying on the discovery responses and testimony provided by plaintiff Leonard King. In his deposition, King was asked about outstanding repairs:

> **Q.** Okay. Have all the repairs to the property, and when I say property I mean both the main house and the detached garage, have all the repairs been completed to the property?
> **A.** That's really for the experts. There are definitely some things that I know are not repaired, obviously, but—
> **PLAINTIFF'S COUNSEL.** And I'm going to make a belated objection. Calls for expert testimony.
> **Q.** What repairs have not been completed?
> **PLAINTIFF'S COUNSEL.** Same objection. You can answer, Mr. King, to the best of your ability to recount your observation.
> **A.** Okay. So my observation, there's some shoe molding that needs to be replaced, the HVAC needs to be replaced, the HVAC needs to be replaced, the—there's some exterior lighting that was not captured that needs to be replaced, and the insulation in the attic. There's some fogging in the windows, and obviously they have not been replaced.

> **Q.** So those are the only repairs left to be completed, right?
> **A.** That's not—
> **PLAINTIFF'S COUNSEL.** Same objection.
> **A.** –what I stated
> **Q.** You can answer.
> **A.** I'm not saying that's the only ones. That's the ones I can recount at this moment.

Doc. 28, att. 3, pp. 53–54. King confirmed that the roof was replaced, but stated that he could not recall how much had been spent on repairs to date. *Id.* In his first amended discovery responses, King admitted that plaintiffs had incurred $112,168.45 in repair costs. Doc. 28, att. 5. He also admitted that he had paid Golden Triangle Roofing, Brandt Pedersen, Overhead Door, A&G Services, and Bird Hardwood Floor repairs after Hurricane Laura. Doc. 32, att. 2, pp. 77–78. Estimates relating to the services of all of these contractors are included in plaintiffs' estimate. Doc. 27, att. 7.

    The above responses establish that the roof replacement is complete. Accordingly, plaintiffs are limited to invoices as their evidence of damages for that item. As for the other contractors, however, there is no evidence as to the scope of work they were retained to perform and whether the entire job is complete. Accordingly, Safeport has not met its burden of showing that estimates are inadmissible as a measurement of damages. The court has no basis at this juncture for excluding evidence of same. Safeport may instead seek to limit evidence at trial once it has provided a foundation for establishing that a repair is complete.

## III.
### CONCLUSION

For the reasons stated above, the court **ORDERS** that the Motion in Limine [doc. 28] be **GRANTED** as to estimates of roof replacement and **DENIED** in all other respects, without prejudice to Safeport's right to establish at trial that any other line item from the estimate has been completed and can only be measured through the repair bill.

**THUS DONE AND SIGNED** in Chambers on the 13th day of May, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE