UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**LEONARD KING ET AL**                    CASE NO. 2:22-CV-01501

**VERSUS**                                JUDGE JAMES D. CAIN, JR.

**SAFEPORT INSURANCE CO**                 MAGISTRATE JUDGE LEBLANC

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 26] filed by defendant Safeport Insurance Company ("Safeport"), seeking dismissal of some of plaintiffs' claims for contractual damages. Plaintiffs oppose the motion. Doc. 33.

## I.
### BACKGROUND

This suit arises from alleged damage to plaintiffs' residence in Westlake, Louisiana, during Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and Hurricane Delta, which impacted the same area on October 9, 2020. At all relevant times the home was insured under a policy issued by Safeport. Plaintiffs allege that Safeport failed to timely or adequately compensate them for their covered losses. They filed suit in this court, raising claims of breach of insurance contract and bad faith under Louisiana law. Doc. 1. The matter is set for a bench trial before the undersigned on June 24, 2024. Doc. 12.

Safeport now moves for partial summary judgment on plaintiffs' claims for breach of contract relating to Coverage A (Dwelling) and Coverage B (Other Structures) of the

policy. Doc. 26. Specifically, Safeport argues that the amounts paid for those coverages exceed the invoices for completed repairs and estimates of outstanding repairs. Accordingly, it maintains that it has no further contractual liability under either category. Plaintiffs oppose the motion, maintaining that they require additional sums to complete hurricane repairs under both areas of coverage. Doc. 33.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S.

133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). "When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the courts must enforce the contract as written." *Sims v. Mulhearn Funeral Home, Inc.*, 956 So.2d 583, 589 (La. 2007) (citing La. Civ. Code art. 2046).

The policy provides coverage up to a limit of $441,000.00 for Coverage A (Dwelling) and $44,100.00 for Coverage B (Other Structures). Doc. 26, att. 4, p. 4. The parties do not dispute that Safeport has paid plaintiffs $176,945.01 under Coverage A and $13,042.49 under Coverage B, for a total of $189,987.50. Doc. 26, att. 1, p. 2; doc. 33, p. 2. Through Leonard King's deposition testimony, invoices, and claim file notes, plaintiffs

establish that they have spent $130,193.45 on repairs.[1] Doc. 33, atts. 1–3. Safeport seeks summary judgment by identifying the outstanding repairs described by Leonard King in his deposition and showing that, from plaintiffs' estimate, these repairs do not exceed the cushion remaining from its payments. However, King testified that he was unable to identify all the remaining repairs:

> **Q.** Okay. Have all the repairs to the property, and when I say property I mean both the main house and the detached garage, have all the repairs been completed to the property?
> **A.** That's really for the experts. There are definitely some things that I know are not repaired, obviously, but—
> **PLAINTIFFS' COUNSEL.** And I'm going to make a belated objection. Calls for expert testimony.
> **Q.** What repairs have not been completed?
> **PLAINTIFFS' COUNSEL.** Same objection. You can answer, Mr. King, to the best of your ability to recount your observation.
> **A.** Okay. So my observation, there's some shoe molding that needs to be replaced, the HVAC needs to be replaced, the HVAC needs to be replaced, the—there's some exterior lighting that was not captured that needs to be replaced, and the insulation in the attic. There's some fogging in the windows, and obviously they have not been replaced.
> **Q.** So those are the only repairs left to be completed, right?
> **A.** That's not—
> **PLAINTIFFS' COUNSEL.** Same objection.
> **A.** –what I stated
> **Q.** You can answer.
> **A.** I'm not saying that's the only ones. That's the ones I can recount at this moment.

Doc. 28, att. 3, pp. 53–54. Accordingly, there is no basis for limiting "remaining repairs" to the items Mr. King was able to recall during his deposition. Plaintiffs are instead entitled to rely on the opinion of their public adjuster, who values the outstanding work at

---

[1] Plaintiffs also maintain that they have spent $27,568.91 on mitigation. Safeport, however, shows that it paid Wilson Storm Team $25,068.91 directly for mitigation. Doc. 38, att. 2. Regardless of whether this amount is counted against the total Safeport has paid to plaintiffs, however, the remaining work estimated by plaintiffs' public adjuster exceeds the amount left over from what Safeport has paid.

$115,966.41, and the jury will decide whether to credit this testimony against countervailing evidence from Safeport. Doc. 33, att. 4. Issues of fact thus preclude summary judgment on whether any further sums are due.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 26] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 14th day of May, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**